IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 15-611 (RGA) ) |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

### DEFENDANT COMCAST CABLE COMMUNICATIONS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Comcast Cable Communications, LLC ("Comcast") hereby answers the First Amended Complaint ("Complaint") of Plaintiff TQ Delta, LLC ("TQ Delta") and asserts affirmative defenses as follows:

### THE PARTIES

1. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

2. Pursuant to the parties' stipulation (D.I. 11), Comcast Corporation has been dismissed from the case. Accordingly, this allegation is moot and Comcast will neither admit nor deny the allegations set forth in Paragraph 2 of the Complaint.

3. Comcast admits that its principal place of business is at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Comcast further states that it is a limited liability company organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

4. Comcast admits that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the United States Code, but denies that there is any legal or factual basis for any such claims.

5. Comcast admits that this Court has subject matter jurisdiction over the purported subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Comcast does not contest personal jurisdiction for purposes of this action only. Comcast admits it is organized under the laws of the State of Delaware. Comcast denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Comcast admits that venue exists in this District for the claims against Comcast pursuant to 28 U.S.C. §§ 1391 and 1400(b). Comcast admits that it is organized under the laws of the State of Delaware. Comcast denies the remaining allegations set forth in Paragraph 7 of the Complaint.

## BACKGROUND

8. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies them.

9. Comcast admits that the Multimedia over Coax Alliance has prepared communication standards referred to generally as "MoCA" that relate to communications over coaxial cable. Comcast denies that TQ Delta's inventions have been adopted by the Multimedia over Coax Alliance. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and therefore denies them.

10. The allegations of Paragraph 10 of the Complaint are legal conclusions for which no response is necessary. To the extent a response is necessary, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies them.

11. Comcast denies the allegations set forth in Paragraph 11 of the Complaint.

12. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Complaint regarding companies other than Comcast and therefore denies them. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the Multimedia over Coax Alliance's alleged description of MoCA technology and therefore denies them. Comcast denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Comcast admits that MoCA versions 1.0, 1.1, and 2.0 have been released by the Multimedia over Coax Alliance. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 13 of the Complaint and therefore denies them.

14. Comcast denies the allegations set forth in Paragraph 14 of the Complaint.

15. Comcast admits that certain manufacturers of certain equipment offered by Comcast and/or manufacturers of certain components of such equipment have indicated that certain such equipment and/or components are capable of operating in accordance with certain aspects of a version of MoCA. Comcast denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Comcast admits that it offers certain equipment to end-users and customers. Comcast admits that certain manufacturers of such equipment and/or manufacturers of certain

components of such equipment have indicated that certain such equipment and/or components are capable of operating in accordance with certain aspects of a version of MoCA. Comcast denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Comcast admits that it offers certain equipment to end-users and customers. Comcast admits that certain manufacturers of such equipment and/or manufacturers of certain components of such equipment have indicated that certain such equipment and/or components are capable of operating in accordance with certain aspects of a version of MoCA. Comcast admits that certain such equipment is used by certain of its customers. Comcast denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Comcast admits that it makes available documentation concerning certain of its products that reference MoCA. Comcast denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Comcast admits that it makes available, including on its website, documentation concerning certain of its products that reference MoCA. Comcast denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Comcast admits that it provides certain services to customers in exchange for compensation. Comcast admits that as part of it delivering certain such services to customers, Comcast provides equipment to such customers and that manufacturers of certain such equipment and/or manufacturers of certain components of such equipment have indicated certain such equipment and/or components are capable of operating in accordance with certain aspects of a version of MoCA. Comcast denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Comcast admits that it provides certain services to customers in exchange for compensation. Comcast admits that as part of it delivering certain such services to customers, Comcast provides equipment to such customers and that manufacturers of certain such equipment and/or manufacturers of certain components of such equipment have indicated certain such equipment and/or components are capable of operating in accordance with certain aspects of a version of MoCA. Comcast admits that it owns certain such equipment provided to Comcast's customers. Comcast denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Comcast admits that it provides certain services to customers in exchange for compensation. Comcast admits that as part of it delivering certain such services to customers, Comcast provides equipment to such customers and that manufacturers of certain such equipment and/or manufacturers of certain components of such equipment have indicated certain such equipment and/or components are capable of operating in accordance with certain aspects of a version of MoCA. Comcast admits that it owns certain such equipment provided to Comcast's customers. Comcast denies the remaining allegations set forth in Paragraph 22 of the Complaint.

**DEFENDANTS' KNOWLEDGE OF THE ASSERTED PATENTS**

**Knowledge of the Asserted Patents Gained From the Complaint or the First Amended Complaint**

23. Comcast admits that prior to the filing of TQ Delta's July 17, 2015 Complaint against Comcast ("Original Complaint"), TQ Delta made available claim charts that referenced U.S. Patent Nos. 6,961,369; 7,835,430; 8,432,956; 8,611,404; 8,718,158; and 9,014,243. Comcast denies the remaining allegations set forth in Paragraph 23 of the Complaint.

**Knowledge of the Asserted Patents Prior to Filing of the Complaint Gained from Acts Relating to Plaintiff's Attempts to Negotiate a License to Plaintiff's Patents In Suit**

24. Comcast denies the allegations set forth in Paragraph 24 of the Complaint.

25. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Complaint regarding what TQ Delta may have attempted to do and therefore denies them. Comcast denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. Comcast admits that it received a letter addressed to "Mr. James Finnegan, Vice President, Intellectual Property Strategy, Comcast Corporation" purportedly sent by TQ Delta's counsel bearing the date December 19, 2014. Comcast admits that this letter, among other things, (1) referenced TQ Delta's alleged "Multimedia Over Coax (MoCA) patent portfolio," (2) purported to be an invitation to "open license discussions," and (3) sought "execution of [a] confidentiality and standstill agreement." Comcast denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Comcast admits that it sent an email to TQ Delta's counsel, dated January 8, 2015, which was signed by George D. Medlock. Comcast admits this letter stated, among other things: "While we do not agree with your position regarding the necessity of a license, we are amenable to discussions outside of the context of litigation. We will take your letter under consideration and get back to you shortly." Comcast denies the remaining allegations set forth in Paragraph 27 of the Complaint.

28. Comcast admits that it did not execute the purported "confidentiality and standstill agreement" provided by TQ Delta. Comcast admits that it corresponded with TQ Delta after January 8, 2015, and met in person with TQ Delta on June 24, 2015. Comcast denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29. Comcast admits that, prior to the June 24, 2015 meeting, TQ Delta made available claim charts that referenced U.S. Patent Nos. 6,961,369; 7,835,430; 8,432,956; 8,611,404; and 8,718,158 and the Comcast X1 Entertainment Operating System and the Comcast AnyRoom DVR Service. Comcast admits that it sent a letter to TQ Delta's counsel, dated July 16, 2015, that letter stated, among other things: "we do not believe that Comcast requires a license to TQD's patents." Comcast denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30. Comcast admits that prior to the filing of the Original Complaint, TQ Delta made available claim charts that referenced U.S. Patent Nos. 6,961,369; 7,835,430; 8,432,956; 8,611,404; 8,718,158; and 9,014,243. Comcast denies the remaining allegations set forth in Paragraph 30 of the Complaint.

**In the Alternative, Defendants Were Willfully Blind To the Existence of the Asserted Patens and Infringement Thereof**

31. Comcast denies the allegations set forth in Paragraph 31 of the Complaint.

32. Comcast denies the allegations set forth in Paragraph 32 of the Complaint.

**DEFENDANTS' INFRINGEMENT OF THE ASSERTED PATENTS**

**Phase Scrambling In Multicarrier Communication Systems Patents**

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,961,369**

33. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

34. Comcast admits that the face of U.S. Patent No. 6,961,369 ("the '369 Patent") bears an issue date of November 1, 2005, and the title "System and Method for Scrambling the Phase of the Carriers in a Multicarrier Communications System." Comcast denies that the '369 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of

the '369 Patent was filed as Exhibit 1 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and therefore denies them.

35. Comcast denies the allegations set forth in Paragraph 35 of the Complaint.

36. Comcast denies the allegations set forth in Paragraph 36 of the Complaint.

37. Comcast denies the allegations set forth in Paragraph 37 of the Complaint.

38. Comcast denies the allegations set forth in Paragraph 38 of the Complaint.

39. Comcast denies the allegations set forth in Paragraph 39 of the Complaint.

40. Comcast denies the allegations set forth in Paragraph 40 of the Complaint.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,718,158**

41. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

42. Comcast admits that the face of U.S. Patent No. 8,718,158 ("the '158 Patent") bears an issue date of May 6, 2014, and the title "System and Method for Scrambling the Phase of the Carriers in a Multicarrier Communications System." Comcast denies that the '158 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of the '158 Patent was filed as Exhibit 2 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 42 of the Complaint and therefore denies them.

43. Comcast denies the allegations set forth in Paragraph 43 of the Complaint.

44. Comcast denies the allegations set forth in Paragraph 44 of the Complaint.

45. Comcast denies the allegations set forth in Paragraph 45 of the Complaint.

46. Comcast denies the allegations set forth in Paragraph 46 of the Complaint.

47. Comcast denies the allegations set forth in Paragraph 47 of the Complaint.

48. Comcast denies the allegations set forth in Paragraph 48 of the Complaint.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,014,243**

49. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

50. Comcast admits that the face of U.S. Patent No. 9,014,243 ("the '243 Patent") bears an issue date of April 21, 2015, and the title "System and Method for Scrambling Using a Bit Scrambler and a Phase Scrambler." Comcast denies that the '243 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of the '243 Patent was filed as Exhibit 3 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 50 of the Complaint and therefore denies them.

51. Comcast denies the allegations set forth in Paragraph 51 of the Complaint.

52. Comcast denies the allegations set forth in Paragraph 52 of the Complaint.

53. Comcast denies the allegations set forth in Paragraph 53 of the Complaint.

54. Comcast denies the allegations set forth in Paragraph 54 of the Complaint.

55. Comcast denies the allegations set forth in Paragraph 55 of the Complaint.

56. Comcast denies the allegations set forth in Paragraph 56 of the Complaint.

**Diagnostic Mode and Test Parameter Patents**

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,835,430**

57. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

58. Comcast admits that the face of U.S. Patent No. 7,835,430 ("the '430 Patent") bears an issue date of November 16, 2010, and the title "Multicarrier Modulation Messaging for Frequency Domain Received Idle Channel Noise Information." Comcast denies that the '430 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of the '430 Patent was filed as Exhibit 4 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 58 of the Complaint and therefore denies them.

59. Comcast denies the allegations set forth in Paragraph 59 of the Complaint.

60. Comcast denies the allegations set forth in Paragraph 60 of the Complaint.

61. Comcast denies the allegations set forth in Paragraph 61 of the Complaint.

62. Comcast denies the allegations set forth in Paragraph 62 of the Complaint.

63. Comcast denies the allegations set forth in Paragraph 63 of the Complaint.

64. Comcast denies the allegations set forth in Paragraph 64 of the Complaint.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,238,412**

65. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

66. Comcast admits that the face of U.S. Patent No. 8,238,412 ("the '412 Patent") bears an issue date of August 7, 2012, and the title "Multicarrier Modulation Messaging for Power Level per Subchannel Information." Comcast denies that the '412 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of the '412 Patent was filed as Exhibit 5 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 66 of the Complaint and therefore denies them.

67. Comcast denies the allegations set forth in Paragraph 67 of the Complaint.

68. Comcast denies the allegations set forth in Paragraph 68 of the Complaint.

69. Comcast denies the allegations set forth in Paragraph 69 of the Complaint.

70. Comcast denies the allegations set forth in Paragraph 70 of the Complaint.

71. Comcast denies the allegations set forth in Paragraph 71 of the Complaint.

72. Comcast denies the allegations set forth in Paragraph 72 of the Complaint.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 8,432,956

73. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

74. Comcast admits that the face of U.S. Patent No. 8,432,956 ("the '956 Patent") bears an issue date of April 30, 2013, and the title "Multicarrier Modulation Messaging for Power Level per Subchannel Information." Comcast denies that the '956 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of the '956 Patent was filed as Exhibit 6 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 74 of the Complaint and therefore denies them.

75. Comcast denies the allegations set forth in Paragraph 75 of the Complaint.

76. Comcast denies the allegations set forth in Paragraph 76 of the Complaint.

77. Comcast denies the allegations set forth in Paragraph 77 of the Complaint.

78. Comcast denies the allegations set forth in Paragraph 78 of the Complaint.

79. Comcast denies the allegations set forth in Paragraph 79 of the Complaint.

80. Comcast denies the allegations set forth in Paragraph 80 of the Complaint.

**Low Power Mode Patents**

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 8,611,404

81. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

82. Comcast admits that the face of U.S. Patent No. 8,611,404 ("the '404 Patent") bears an issue date of December 17, 2013, and the title "Multicarrier Transmission System With Low Power Sleep Mode and Rapid-On Capability." Comcast denies that the '404 Patent was duly and legally issued. Comcast admits that a document purporting to be a copy of the '404 Patent was filed as Exhibit 7 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 82 of the Complaint and therefore denies them.

83. Comcast denies the allegations set forth in Paragraph 83 of the Complaint.

84. Comcast denies the allegations set forth in Paragraph 84 of the Complaint.

85. Comcast denies the allegations set forth in Paragraph 85 of the Complaint.

86. Comcast denies the allegations set forth in Paragraph 86 of the Complaint.

87. Comcast denies the allegations set forth in Paragraph 87 of the Complaint.

88. Comcast denies the allegations set forth in Paragraph 88 of the Complaint.

### COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 9,094,268

89. Comcast incorporates by reference each of its answers to each allegation set forth in Paragraphs 1-32 of the Complaint as if set forth fully herein.

90. Comcast admits that the face of U.S. Patent No. 9,094,268 ("the '268 Patent") bears an issue date of July 28, 2015, and the title "Multicarrier Transmission System With Low Power Sleep Mode and Rapid-On Capability." Comcast denies that the '268 Patent was duly and

legally issued. Comcast admits that a document purporting to be a copy of the '268 Patent was filed as Exhibit 8 to the Complaint. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 90 of the Complaint and therefore denies them.

91. Comcast denies the allegations set forth in Paragraph 91 of the Complaint.

92. Comcast denies the allegations set forth in Paragraph 92 of the Complaint.

93. Comcast denies the allegations set forth in Paragraph 93 of the Complaint.

94. Comcast denies the allegations set forth in Paragraph 94 of the Complaint.

95. Comcast denies the allegations set forth in Paragraph 95 of the Complaint.

96. Comcast denies the allegations set forth in Paragraph 96 of the Complaint.

## PRAYER FOR RELIEF

Comcast denies that TQ Delta is entitled to any of the relief sought in its Complaint. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Comcast hereby pleads non-infringement and expressly notes that the burden of proof on infringement remains at all times and for all purposes on TQ Delta. To the extent not expressly admitted, Comcast denies each and every allegation set forth in the Complaint.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Comcast alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '369, '158, '243, '430, '412, '956, '404, and '268 Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including without limitation §§ 101, 102, 103, 112, and/or 116.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and Laches)

Plaintiff's claims are barred in whole or in part by one or more of the equitable doctrines of waiver, estoppel, and/or laches.

## THIRD AFFIRMATIVE DEFENSE
### (Limitation on Damages and Costs)

Plaintiff's claims for damages against Comcast, if any, are limited by 35 U.S.C. §§ 286 and 287, and Plaintiff's claims for recovery of costs from Comcast, if any, are limited by 35 U.S.C. § 288.

## RESERVATION OF ADDITIONAL DEFENSES

Comcast reserves the right to assert additional defenses in this action that may be developed through discovery or as otherwise appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Comcast demands a trial by jury of all issues so triable in this action.

<table>
<tr><td>

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Corey J. Manley
David C. Dotson
S. Neil Anderson
DUANE MORRIS LLP
1075 Peachtree Street N.E.
Suite 2000
Atlanta, GA 30309-3929
(404) 253-6900

John M. Baird
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC 2004-2166
(202) 776-7819

October 1, 2015

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendant Comcast Cable Communications LLC*

</td></tr>
</table>

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 1, 2015, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *BY ELECTRONIC MAIL* |
| Peter J. McAndrews, Esquire<br>Thomas J. Wimbiscus, Esquire<br>Scott P. McBride, Esquire<br>Rajendra A. Chiplunkar, Esquire<br>MCANDREWS, HELD & MALLOY, LTD.<br>500 West Madison Street, 34th Floor<br>Chicago, Illinois 60661<br>*Attorneys for Plaintiff* | *BY ELECTRONIC MAIL* |

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)