# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 15-611-RGA |
| COMCAST CORPORATION, et al., | : | |
| Defendants. | : | |
| TQ DELTA, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 15-612-RGA |
| COMCOX, LLC, et al., | : | |
| Defendants. | : | |
| TQ DELTA, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 15-613-RGA |
| DIRECTV, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| TQ DELTA, LLC, | : | |
|           Plaintiff, | : | |
|     v. | : | C. A. No. 15-614-RGA |
| DISH NETWORK CORPORATION, et al., | : | |
|           Defendants. | : | |
| TQ DELTA, LLC, | : | |
|           Plaintiff, | : | |
|     v. | : | C. A. No. 15-615-RGA |
| TIME WARNER CABLE INC., et al., | : | |
|           Defendants. | : | |
| TQ DELTA, LLC, | : | |
|           Plaintiff, | : | |
|     v. | : | C. A. No. 15-616-RGA |
| VERIZON SERVICES CORP., | : | |
|           Defendant. | : | |

## **MEMORANDUM ORDER**

A discovery hearing was held on February 9, 2016 to address a number of issues related the proposed Protective Order. All issues were decided except for the scope of the prosecution bar. The parties agreed that "technology enabling the distribution of content over existing in-home coaxial TV cabling" should be covered by the bar.

Plaintiff's original proposal was "claims directed to technology enabling the distribution of content over existing in-home co-axial TV cabling covered by any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Protected material reviewed by such outside counsel, expert or consultant."

Defendants' initial proposal, with the disputed language in italics, was "claims directed to technology enabling the distribution of content over existing in-home coaxial TV cabling; *or claims directed to any other data transfer or electronic media distribution functionality* covered by any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Protected material reviewed by such outside counsel, expert of consultant."

The court found both sides proposals unsatisfactory, and required counsel to meet and confer regarding the prosecution bar found at ¶6(a) of the proposed protective order. Despite their efforts, the two sides were unable to agree and advised in separate letter submissions on February 19, 2016 their respective new proposals.[1]

Defendants' proposal on February 15, 2016 was:

> . . . claims directed to technology (i) concerning diagnostics for communication channels, (ii) concerning scrambling of carrier signals, (iii) concerning lower power mode, or (iv) otherwise reviewed by such outside counsel, expert or consultant in any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Protected Material produced by a Defendant.[2]

Plaintiff responded on February 16, 2016 with the following, with the relevant

---

[1] For an example of each side's letter submissions, *see* 15-611, D.I. 41-45, 46-47. The same letter submissions were submitted in C. A. No. 612 through C.A. No. 616.

[2] This language was addressed in defendants' arguments during the hearing.

added language noted in italics:

> . . . claims directed to technology (i) concerning *transmission and reception* of diagnostic *messages about wireline* communication channels; (ii) concerning scrambling of *information modulated on* carrier signals *in a wireline communication* system; or (iii) concerning low power mode *for a transceiver in a wireless communication system, that has been* reviewed by such outside counsel expert, or consultant in any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Protected Material produced by a Defendant.

In response to plaintiff's counter-proposal, defendants proposed scope of the patent prosecution bar now is ". . . claims directed to technology otherwise reviewed by such outside counsel, expert, or consultant in any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY OR HIGHLY CONFIDENTIAL – SOURCE CODE Protected Material produced by a Defendant," a proposal broader than what defendants' originally suggested and argued.

This memorandum order addresses the appropriate scope for the prosecution bar. "Whether an unacceptable opportunity for inadvertent disclose exists . . . [is] determined . . . by the facts on a counsel-by-counsel basis . . . ."[3] The focus as to scope is the relevance of information to the preparation and prosecution of patent applications which will trigger the prosecution bar, including "the scope of activities prohibited by the [proposed] bar, duration of the bar and the definition of the subject matter covered by the bar."[4]

Considering the arguments of the parties in their letter briefs,[5] counsel's

---

[3] *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).
[4] *In re Deutsche Bank Trust Company Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010).
[5] *See supra* fn. 1.

arguments during the hearing, which included representations regarding the claims of the patents-in-suit and the applicable law,

IT IS ORDERED that, the disputed language of the patent prosecution bar shall read as follows:

> . . . claims directed to technology (i) concerning transmission and reception of diagnostics for or about communication channels; (ii) concerning scrambling of information modulated on carrier signals in a communication system; or (iii) concerning low power mode for a transceiver in a communication system, that has been provided for review by such outside counsel expert, or consultant in any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Protected Material produced by a Defendant.

IT IS FURTHER ORDERED that to avoid any issues as to whether such outside expert or consultant reviewed any Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code Protected Material produced by a Defendant, it will be presumed that if such materials, documents, information or the like were provided for review, that such outside expert or consultant reviewed such materials, documents, information or the like.

Date: April 13, 2016           /s/ Mary Pat Thynge
                               CHIEF U. S. MAGISTRATE JUDGE