IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                      Plaintiff;<br>    v.<br><br>COMCAST COMMUNICATIONS LLC,<br><br>                      Defendant. | Civil Action No. 15-611-RGA |
| TQ DELTA, LLC,<br><br>                      Plaintiff;<br>    v.<br><br>COXCOM LLC, et al.,<br><br>                      Defendants. | Civil Action No. 15-612-RGA |
| TQ DELTA, LLC,<br><br>                      Plaintiff;<br>    v.<br><br>DISH NETWORK CORPORATION, et al.,<br><br>                      Defendants. | Civil Action No. 15-614-RGA |

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                Plaintiff;<br><br>    v.<br><br>TIME WARNER CABLE INC., et al.,<br><br>                Defendants. | Civil Action No. 15-615-RGA |
| TQ DELTA, LLC,<br><br>                Plaintiff;<br><br>    v.<br><br>VERIZON SERVICES CORP.,<br><br>                Defendant. | Civil Action No. 15-616-RGA |

## MEMORANDUM ORDER

Before me is third-party Broadcom's motion to enter a conflicts order from the related TQ Delta, LLC DSL cases (consolidated C.A. No. 13-1835) in the cases at hand. (D.I. 292 at 1). In the DSL cases, I found that TQ Delta's counsel, McAndrews, Held & Malloy, Ltd. ("McAndrews") had violated Model Rule of Professional Conduct 1.9 by representing TQ Delta in a matter substantially related to its prior work for Broadcom, a third-party to the DSL cases. (C.A. No. 13-1835, D.I. 238 at 10).

Broadcom insists that my DSL order be imported wholesale to the current case. (D.I. 292 at 1). In its briefing, Broadcom misses the basics. To show a violation of Rule 1.9, Broadcom must show that the current matter is "substantially related" to a matter involved in the former

representation. *Apeldyn Corp. v. Samsung Elects. Co.*, 660 F. Supp. 2d 557, 561 (D. Del. 2009). In determining whether a matter is "substantially related," I consider the "nature and scope of the prior representation," the "nature of the present lawsuit," and whether the client may have disclosed relevant confidences that could be detrimental to the former client in the current litigation. *Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 652 F. Supp. 1281, 1283 (D. Del. 1987).

Broadcom's briefing appears to assume that my decision in the DSL cases is operative in this matter. (*See, e.g.*, D.I. 306 at 5 ("Even if the Court were inclined to retread the ground that it already carefully consider in its prior decision, which it should not, the same result is compelled here . . . .")). The DSL cases, while related, were a different matter. Different patents are asserted in the present case. Upon receiving letters regarding this issue, I stated in my June 25, 2021 order that it does not necessarily follow from my order in the DSL cases that McAndrews has a conflict in the present case. (D.I. 283). It is Broadcom's burden of proof to show a conflict, and Broadcom has failed to do so.

Broadcom's sole factual support for the relatedness of this action to McAndrews' prior representation is that McAndrews previously prosecuted at least one patent[1] about MoCA technology and that the patents previously asserted in the present action overlapped with the patents asserted in the DSL cases. (D.I. 306 at 5). By this point in the present litigation, however, only two patents remain: U.S. Patent Nos. 8,718,158 and 9,014,243. (D.I. 310 at 4). These patents were never asserted in the DSL case and do not appear on Broadcom's list of

---

[1] Broadcom asserts, "McAndrews assisted in the prosecution of United States Patent No. 8,363,249, which on its face relates to MoCA technology." (D.I. 306 at 5). As TQ Delta points out, Broadcom may have meant U.S. Patent No. 8,863,249, which is included in the list of patents prosecuted by McAndrews and titled, "Push button configuration of multimedia over coax alliance (moca) devices." (D.I. 310 at 5 n.5; C.A. No. 13-1835, D.I. 145-1 at 39).

3

patents prosecuted by McAndrews. (*See* C.A. No. 13-1835, D.I. 145-1). Broadcom fails to give any more details about how the present action is substantially related to McAndrews' prior representation. As TQ Delta aptly asserts in its response to Broadcom's motion:

> [T]he Court's DSL rulings referenced work McAndrews once performed for Broadcom that purportedly involved specific DSL chip model numbers at issue in the DSL cases, but Broadcom's Motion here does not mention any MoCA chip model numbers. Broadcom has also not made any showing that the subject matter of the only two patents-in-suit—generally, phase scrambling technology—was the subject matter of any work McAndrews once performed for Broadcom.

(D.I. 301 at 3).

Even if there were a conflict, I think that Broadcom's requested relief would be inappropriate under the balancing test used in the Third Circuit to determine the appropriateness of removal of counsel. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 162 (3d Cir. 1984). A "district court has a wide discretion in framing its sanctions to be just and fair to all parties involved." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (citation omitted). There are many relevant factors, including attorney loyalty, prejudice to parties, protection of the integrity of the judicial process, timing of disqualification motion, duration of prior representation, delay, stage of proceedings, whether confidential information from the prior representation had passed to the client, cost to obtain new counsel, complexity of the case, and nature and degree of prior involvement. *See Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 2011 WL 2692968, at *14 (D. Del. June 22, 2011).

In the DSL cases, I found the factors weighed against disqualification and instead entered a walling order. (C.A. No. 13-1835, D.I. 238 at 16). While McAndrew's relationship with Broadcom was substantial, other factors weighed against disqualification. (*Id.* at 13). The DSL litigation was complex and at a late stage in litigation. (*Id.* at 14). Broadcom was a third-party rather than an adversary. (*Id.* at 15). Here, while the case is not as complex as the DSL action, it

4

is a thoroughly litigated patent infringement action, and Broadcom is also a third-party to this litigation.

Furthermore, in the present action there is a weak showing that McAndrews' work was related to the MoCA patents and therefore the likelihood of prejudice to Broadcom is low. More time has passed since McAndrews' representation of Broadcom than when I entered the DSL order in 2016. It has been a decade or more since McAndrews possibly encountered relevant confidential information. (D.I. 310 at 10). There is little concern of divided loyalty, nor the appearance of "switching sides," given the passage of time and Broadcom's third-party status. McAndrews has retained Jackson Walker to take discovery from Broadcom in this matter so that Broadcom will not "have[] to sit directly across from its prior counsel[.]" (D.I. 301 at 6 & n.5). McAndrews has also affirmed, "McAndrews has not and will not provide Jackson Walker with any Broadcom confidential information as to MoCA technologies that any McAndrews attorney may have learned of during their prior work for Broadcom." (D.I. 282 at 3).

TQ Delta argues that it would be prejudiced by Broadcom's proposed order. For instance, TQ Delta asserts that it would need to replace an expert retained in 2016 because the expert has been working with McAndrews, not Jackson Walker, on claim construction and infringement. (D.I. 301 at 12). On balance, given the low likelihood of prejudice to Broadcom and the potential hardships faced by TQ Delta, I find that Broadcom's requested relief is not appropriate.[2] Broadcom's Motion to Enter Conflicts Orders (D.I. 292) is DENIED.

IT IS SO ORDERED this 17th day of 2021.

/s/ Richard G. Andrews
United States District Judge

---

[2] Since I have identified two good reasons to deny Broadcom's motion, there is no need to address TQ Delta's waiver argument.