IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-611-RGA |
| | : | |
| COMCAST CABLE COMMUNICATIONS LLC, | : | |
| | : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-612-RGA |
| | : | |
| COXCOM LLC, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-615-RGA |
| | : | |
| TIME WARNER CABLE INC., et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 15-616-RGA |
| | : | |
| VERIZON SERVICES CORP., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN REFERENCE TO SPECIAL MASTER ORDER #18**

I referred disputes in this case to a Special Master ("SM"). (D.I. 319; *see also* D.I. 253, 312).[1] The parties have brought him many disputes.[2] There are objections, which I need to resolve *de novo*.

Defendants filed a motion to strike one of Plaintiff TQ's doctrine of equivalents theories. (D.I. 459). The SM granted that motion in a lengthy order. (D.I. 471). TQ filed objections, accompanied by a more-than-3000-page appendix. (D.I. 472, D.I. 473-475). Defendants responded. (D.I. 483).

The objections argue that TQ's SAFICs (Second Amended Final Infringement Contentions) did not present a new DOE theory. (D.I. 472 at 4-7). The objections further argue that, if they did, a *Pennypack* analysis should result in not excluding the theory, citing the "prejudice," "curing," and delay factors. (*Id*. at 7-9). The objections conclude with the argument that the "extreme" sanction of exclusion misapplies the law. (*Id*. at 9-10).

---

[1] Citations are only to the docket in No. 15-611.

[2] The SM issued twenty-two orders in just over a year. Some of them were undisputed.

The response argues that the SM's ruling was a procedural one, striking a new theory served after the appropriate deadline. (D.I. 483 at 3-4). The response points out that the two theories identified by the SM were presented in the (timely) Final Infringement Contentions (FICs) through separate sets of claim charts, but that only one of them asserted DOE, and that it was the other one that he struck. (*Id*. at 5-6). Thus, the finding that TQ was asserting a previously unasserted DOE theory is correct. On the *Pennypack* factors, the response (in addition to arguing no error by the SM) notes that TQ is a serial disregarder of court-ordered deadlines. (*Id*. at 9-10).

The SM determined that there were two distinct DOE theories. (D.I. 471 at 3-4).[3] The FICs were due December 15, 2021; fact discovery closed February 25, 2022. (D.I. 366, 438). The FICs were timely served. (D.I. 471 at 5). There followed First Amended Final Infringement Contentions on January 18, 2022. (*Id*. at 5 n.5). They are not at issue in the present dispute. There followed the SAFICs on the final day of fact discovery, February 25, 2022. (*Id*. at 6).[4] The SAFICs presented two "distinct" DOE theories. (*Id*. at 8). The SM noted that TQ had the source code that is the basis for the DOE theory at issue "since September 2021" (*id*. at 9), and thus "*could have* timely disclosed the Source Code DOE Theory" by the deadline in December. (*Id*.). The SM noted prior litigation over TQ's earlier failures to timely disclose DOE theories. (*Id*. at 14-15). The SM also noted that the DOE theory he was striking was not terribly

---

[3] TQ challenges this finding. (D.I. 472 at 2-3, 6). I have reviewed the claim chart for the MOCA infringement theory (*e.g.*, D.I. 475 at A3082), and I think it is clear that the "mathematical equivalent" argument is very distinct from the source code argument.

[4] Both the SM and the objections note that there was no leave from the Court to file final infringement contentions outside the schedule set by the Court. (D.I. 471 at 6; D.I. 483 at 10).

important, as TQ still had the MOCA standards DOE theory and the Source Code literal infringement theory.  (*Id*. at 15).

Having reviewed and considered the matter, I conclude as follows: (1) while there is an argument that this is a procedural matter which should be reviewed for abuse of discretion, I think there is more than just a procedural issue here, and I therefore review it *de novo*; (2) I think TQ is advanced a distinctly new DOE theory and did so without permission in derogation of the scheduling order's deadline for Final Infringement Contentions, and certainly without any "good cause" for doing so; (3) I agree with the Special Master's *Pennypack* analysis[5] (perhaps with the exception that I would find TQ's actions to be in bad faith, based on the number of times they have taken identical actions before,[6] and thus would have weighted that factor against TQ instead of calling it neutral); and (4) I therefore ADOPT Special Master Order #18 (D.I. 471), which I will so order by signing it, and grant Defendants' motion (D.I. 459).

SO STATED.

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Richard G. Andrews  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[5] I especially note that TQ has source code literal infringement and MOCA literal infringement (which may not have any value) and MOCA mathematical DOE infringement.  Thus, TQ has at least two viable theories, and it does not need to add a third after the deadline.

[6] *See TQ Delta, LLC v. 2Wire, Inc.*, 2021 WL 3202077, at *4 (D. Del. July 28, 2021) (untimely disclosure of DOE theory, but not struck pursuant to *Pennypack* analysis); *TQ Delta, LLC v. ADTRAN*, 2020 WL 4529865, at *1-2 (D. Del. July 31, 2020) (striking untimely disclosure of DOE theory after considering *Pennypack* factors).