**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS LLC,<br><br>Defendant. | Civil Action No. 15-611-GBW |
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>COXCOM LLC, *et al.*,<br><br>Defendants. | Civil Action No. 15-612-GBW |
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC., *et al.*,<br><br>Defendants. | Civil Action No. 15-615-GBW |

| | |
|---|---|
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORP,<br><br>Defendant. | Civil Action No. 15-616-GBW |

**MEMORANDUM ORDER**

Pending before the Court is the request of Plaintiff TQ Delta, LLC ("Plaintiff") to substitute Mr. Jim Bergman ("Mr. Bergman") for its current damages expert, Ms. Catherine Lawton ("Ms. Lawton"). (D.I. 796 at 2).[1] Defendants Comcast Cable Communications LLC ("Comcast") (Civil Action No. 15-611), Cox Communications Inc. and CoxCom LLC (collectively, "Cox") (Civil Action No. 15-612), Time Warner Cable Inc., Time Warner Cable Enterprises LLC (collectively, "Time Warner") (Civil Action No. 15-615), and Verizon Services Corp. ("Verizon") (Civil Action No. 15-616) (all together, "Defendants") oppose. (D.I. 795). For the reasons set forth below, Plaintiff's request to substitute Mr. Bergman for Ms. Lawton is DENIED.

## I. BACKGROUND

On July 17, 2015, Plaintiff filed Civil Action Nos. 15-611, 15-612, 15-614, and 15-616, asserting patent infringement against each of Defendants. (*See, e.g.*, D.I. 1 ¶ 51, C.A. No. 15-611 (Comcast); D.I. 1 ¶ 52, C.A. No. 15-612 (Cox); D.I. 1 ¶ 55, C.A. No. 15-615 (Time Warner); D.I. 1 ¶ 55, C.A. No. 15-616 (Verizon)).

[1] Unless otherwise noted, all docket citations will refer to C.A. No. 15-611. However, the rulings and corresponding explanations herein will apply to all of the above-captioned cases.

On September 11, 2024, Defendants filed Motions to Exclude the Testimony of Plaintiff's damages expert, Ms. Lawton. (*See, e.g.*, D.I. 589). On September 18, 2026, the Court issued a Memorandum Opinion, and accompanying order, granting Defendants' Motions to Exclude the Testimony of Ms. Lawton in its entirety. (*See, e.g.*, D.I. 783; D.I. 784). Because trials in the above-captioned civil actions do to begin until October 2027, the Court granted Plaintiff "leave to obtain and serve a new damages expert report that cures the identified deficiencies." (*See, e.g.*, D.I. 783 at 15).

On October 1, 2026, the parties brought a dispute concerning the scope of any new expert damages report that Plaintiff may obtain and serve on Defendants. (*See, e.g.*, D.I. 788 at 6-10). On October 2, 2026, the Court reiterated that Plaintiff was only granted leave to obtain and serve a new damages expert report that cures the deficiencies identified in its September 18, 2026 Memorandum Opinion (D.I. 783). (*See, e.g.*, D.I. 789 ¶ 1). The Court clarified that any new report may only cure the deficiencies identified in the Court's September 18, 2026 Memorandum Opinion (D.I. 783) "by replacing the evidence excluded from Ms. Lawton's report with other evidence that was disclosed in Plaintiff's operative damages contentions and/or previously produced to Defendants during discovery in this action." (*See, e.g.*, D.I. 789 ¶ 1).

On October 20, 2026, Defendants filed a letter with the Court concerning a supplemental discovery dispute, whereas Defendants opposed Plaintiff's attempt to substitute Mr. Bergman as its new damages expert, in place of Ms. Lawton. (*See, e.g.*, D.I. 790 at 1). On October 21, 2026, the parties filed letter briefs with the Court outlining their respective positions. (*See, e.g.*, D.I. 795; D.I. 796). On October 22, 2026, the Court heard Oral Argument over whether Plaintiff should be permitted to substitute Mr. Bergman in place of Ms. Lawton. (*See, e.g.*, D.I. 797). The Court now turns to the merits.

## II. LEGAL STANDARD

"In the Third Circuit, a motion to substitute an expert witness is construed as a Rule 16(b) motion to modify the scheduling order." *Personal Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC, 2023 WL 3582681, at *2 (D. Del. May 22, 2023) (citing *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007)). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he good cause standard under [Federal Rule of Civil Procedure] 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Heritage Handoff Holdings, LLC v. Fontanella*, C.A. No. 16-691-RGA, 2018 WL 3580288 (D. Del. July 25, 2018) (quoting *Roquette Frères v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009)).

## III. DISCUSSION

Plaintiff requests that it be permitted to substitute Mr. Bergman in place of Ms. Lawton as its new damages expert. (D.I. 796 at 1). Plaintiff asserts that "Ms. Lawton, whose opinion was struck, has extremely limited availability during the supplemental expert discovery period to develop a new opinion in accordance with the [Court's September 18, 2026] Memorandum Opinion" (D.I. 783). (*See, e.g.*, D.I. 796 at 1). Plaintiff also contends that Plaintiff and Ms. Lawton have "irreconcilable differences" and, thus it would be "unfair and unduly prejudicial" to deny Plaintiff's request to substitute Ms. Lawton. (*Id.* at 2). In Plaintiff's view, because neither "the scope, or the procedure for challenging it, changes by substituting Mr. Bergman" for Ms. Lawton, Plaintiff's request is permissible. (D.I. 796 at 2). Furthermore, Plaintiff asserts that there is no prejudice to Defendants, pointing to the procedural safeguards the Court has put in place if Plaintiff obtains and serves a new damages report (such as a rebuttal report, additional depositions, etc.). (*Id.*).

Defendants oppose Plaintiff's request to substitute Mr. Bergman in place of Ms. Lawton. (D.I. 795). Defendants asserts that "[t]he time to add experts has long passed." (*Id.* at 1). In Defendants view, because the Court adopted Plaintiff's proposed schedule for supplemental expert discovery, Plaintiff cannot then vaguely assert a scheduling conflict with Ms. Lawton. (*Id.*).

Additionally, Defendants assert that they will be prejudiced if Plaintiff is permitted to substitute Mr. Bergman in place of Ms. Lawton. (D.I. 795 at 2). Defendants contend that, if Mr. Berman were to be substituted as Plaintiff's damages expert, "Defendants would . . . need to depose Mr. Bergman on the full scope of the opinions he proposes to offer, rather than merely the permitted supplementation." (*Id.*). In Defendants' view, because "Plaintiff would obtain a new witness with the benefit of Defendants' prior examination of Ms. Lawton, while Defendants would have to repeat substantial expert discovery and rebuild their foundation for cross-examination," Defendants would suffer prejudice. (*Id.*). The Court shall analyze each parties' arguments below.

### A. Plaintiff's Request to Substitute is Governed by Rule 16(b)(4)

As an initial matter, the parties disagree as to the proper burden of proof for a motion to substitute. At Oral Argument, Defendants' counsel asserted that the burden is on Plaintiff to show substitution is permissible. (D.I. 797 at 15:4). Plaintiff's counsel disagreed, positing that the cases Plaintiff cites that show a motion to substitute is Plaintiff's burden concerned making a Rule 16 modification to the scheduling order. (*Id.* at 2:4-14).

Importantly, courts in this district have construed a motion to substitute an expert witness "as a Rule 16(b) motion to modify the scheduling order." *Personal Audio*, 2023 WL 3582681, at *2. Although the Court has already granted Plaintiff leave to file a supplemental damage report, the Court did not grant Plaintiff leave to *substitute* its expert in the Court's September 18, 2026 Memorandum Opinion (D.I. 783). The Court granted Plaintiff "a new damages expert report *that cures the identified deficiencies*." (D.I. 783 at 14). The Court did not exclude Ms. Lawton's

proposed testimony because of her lack of qualifications, but because her proposed testimony was legally improper. (*See generally* D.I. 783 (discussing the *legal* insufficiencies of Ms. Lawton's proposed testimony)). Thus, Ms. Lawton's role as Plaintiff's expert was not a deficiency identified in the Court's September 18, 2026 Memorandum Opinion, and Plaintiff's request to substitute Mr. Bergman in place of Ms. Lawton would require a modification of the Court's scheduling order.

**B. <u>Diligence</u>**

Plaintiff has not shown the diligence required to warrant granting its request to substitute Mr. Bergman for Ms. Lawton. Plaintiff failed to verify, prior to the Court's October 2, 2026 Order, which adopted *Plaintiff's* proposed schedule, that Ms. Lawton would be available to cure the deficiencies in her report. The Court adopted Plaintiff's proposed schedule for supplemental expert testimony, and Plaintiff should have consulted with Ms. Lawton before proposing the supplemental expert schedule and been prepared to meet its proposed deadlines without further modification.

Additionally, Plaintiff's failure to plan around a scenario where the Court excluded Ms. Lawton's testimony also shows a lack of diligence. Ms. Lawton's proposed testimony had been the subject of a pending *Daubert* motion from September 11, 2024 to September 18, 2026. (*See* D.I. 589 (Defendants' *Daubert* Motion filed); D.I. 784 (the Court granting Defendants' *Daubert* Motion)). Although Plaintiff contends that it should not be required to keep its damages expert available "at a moment's notice" for years after filing a *Daubert* motion, the Court's ruling does not impose such a requirement. Instead, the Court granted Defendants' *Daubert* motion over a year before the trial date scheduled in the above-captioned cases, and adopted Plaintiff's proposed schedule for supplemental discovery. The lack of diligence is especially apparent given the Court's two prior grants of leave to amend Ms. Lawton's expert report. (*See, e.g.*, D.I. 550); *see also Alexiou v. Moshos*, C.A. No. 08-5491, 2009 WL 2913960 (E.D. Pa. Sept. 9, 2009) ("To

establish good cause, the moving party must demonstrate that a more diligent pursuit of discovery was impossible."). Under such circumstances, Plaintiff has failed to show diligence.

Plaintiff's unsupported assertion of "irreconcilable differences" is also unpersuasive. (*See* D.I. 796). Plaintiff has retained Ms. Lawton for years in the present litigation, and the leave granted to Ms. Lawton to supplement her damages report was limiting to "curing deficiencies." (D.I. 783 at 14; D.I. 789 ¶ 1). Any disagreement that Plaintiff has with Ms. Lawton on how to cure said deficiencies should have been when Defendants' *Daubert* Motions were filed, and Plaintiff cannot now contend that such differences warrant a substitution of its expert. Importantly, Plaintiff has retained Ms. Lawton as its damages expert for several years in this case, and thus should have been aware of any irreconcilable differences pertaining to her view on how to conduct a proper damages analysis before now.

Thus, Plaintiff's request to substitute Mr. Bergman for Ms. Lawton as its damages expert is DENIED.

### C. Prejudice

The Court also finds that allowing Plaintiff to substitute its damages expert would cause Defendants prejudice. Although a finding of prejudice is not a necessary finding to deny a motion to substitute under Rule 16 (*see AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN-SRF, 2019 WL 563900, at *1 n.1 (D. Del. Feb. 4, 2019), *opinion adopted*, C.A. No. 16-662 (MN), 2019 WL 9514501 (D. Del. Apr. 23, 2019)), the Court finds the prejudice Defendants would incur if Plaintiff were allowed to substitute Mr. Bergman for Ms. Lawton warrants a further discussion.

Allowing Plaintiff to substitute Ms. Bergman for Ms. Lawton could allow Plaintiff to "unilaterally" upgrade its expert report and distance itself from portions of Ms. Lawton's prior opinions and deposition testimony. The prejudice is particularly apparent given the Court's prior grants of leave to Plaintiff to amend Ms. Lawton's expert report. (*See, e.g.*, D.I. 550).

Plaintiff asserts that it would be unduly prejudicial if it were forced to proceed with Ms. Lawton as its damages expert. (D.I. 796 at 2). To show prejudice sufficient to grant Plaintiff's request to substitute Mr. Bergman for Ms. Lawton, Plaintiff must "show that the [Court's] denial of discovery [makes] it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1032 (3d Cir. 1997) (emphasis added). As discussed above, Plaintiff has had many opportunities to pursue more diligent discovery. Lastly, the Court notes that it is not leaving Plaintiff without any options. Rather, Plaintiff may have Ms. Lawton supplement her damages report consistent with the Court's October 2, 2026 Order, or may try its case without a damages expert. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 985 (Fed. Cir. 2021) ("A party need not present expert testimony on damages or, as a corollary, on every aspect of damages, such as a single royalty rate."). Thus, given the history of this case, Plaintiff would not be unduly prejudiced by denying its request to substitute.

## IV. CONCLUSION

AND NOW, this 26th day of October 2026, for the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's request to substitute Mr. Bergman for Ms. Lawton is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE