**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS LLC,<br><br>Defendant. | Civil Action No. 15-611-GBW |
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>COXCOM LLC, *et al.*,<br><br>Defendants. | Civil Action No. 15-612-GBW |
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC., *et al.*,<br><br>Defendants. | Civil Action No. 15-615-GBW |

| | |
|---|---|
| TQ DELTA LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORP,<br><br>Defendant. | Civil Action No. 15-616-GBW |

**MEMORANDUM ORDER**

Pending before the Court are Defendants Comcast Cable Communications LLC ("Comcast") (Civil Action No. 15-611), Cox Communications Inc. and CoxCom LLC (collectively, "Cox") (Civil Action No. 15-612), Time Warner Cable Inc., Time Warner Cable Enterprises LLC (collectively, "Time Warner") (Civil Action No. 15-615), and Verizon Services Corp.'s ("Verizon") (Civil Action No. 15-616) (all together, "Defendants") Motion for Clarification and/or Partial Reconsideration of the Court's Memorandum Opinion Regarding Plaintiff TQ Delta, LLC's ("Plaintiff") Motion for Summary Judgment of Infringement (D.I. 760). (D.I. 762) ("Defendants' Motion for Reconsideration").[1] Plaintiff opposes. (D.I. 769). For the reasons set forth below, Defendants' Motion is DENIED.

## I. BACKGROUND

On July 17, 2015, Plaintiff filed Civil Action Nos. 15-611, 15-612, 15-614, and 15-616, asserting patent infringement against each of Defendants. (*See, e.g.*, D.I. 1 ¶ 51, C.A. No. 15-611

[1] Unless otherwise noted, all docket citations will refer to C.A. No. 15-611. However, the rulings and corresponding explanations herein will apply to all of the above-captioned cases.

(Comcast); D.I. 1 ¶ 52, C.A. No. 15-612 (Cox); D.I. 1 ¶ 55, C.A. No. 15-615 (Time Warner); D.I. 1 ¶ 55, C.A. No. 15-616 (Verizon)).

On September 11, 2024, Plaintiff filed its First Summary Judgment Motion, asserting that Defendants infringed, *inter alia*, Claim 7 of U.S. Patent No. No. 9,014,243 ("the '243 Patent"). (D.I. 594). On July 23, 2026, the Court denied Plaintiff's First Summary Judgment Motion, but decided several claim construction disputes in the disposition of Plaintiff's First Summary Judgment Motion. (D.I. 760). On August 6, 2026, Defendants in the above-captioned actions filed Defendants' Motion for Reconsideration, seeking clarification or reconsideration of the Court's July 23, 2026 Memorandum Opinion (D.I. 760).[2] (D.I. 762).

## II. <u>LEGAL STANDARD</u>

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc. v. Amneal Pharms. LLC*, C.A. No. 16-853 (MSG), 2021 WL 4843959, at *1 (D. Del. Oct. 18, 2021) (citation omitted). Reconsideration is appropriate when the moving party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Motions for re-argument shall be sparingly granted." D. Del. LR 7.1.5(a); *see also Corning Inc. v. SRU Biosystems*, C.A. No. 03-633-JJF, 2006 WL 155255, at *3 n.1 (D. Del. Jan. 20, 2006) ("Reargument, like reconsideration, is granted sparingly."). The

---

[2] Defendants also filed a Motion for Leave to File a Reply in support of Defendants' Motion ("Defendants' Motion for Leave"). (D.I. 776). The Court has reviewed Defendants' proposed reply brief (D.I. 776, Ex. A) and finds that it would not alter the outcome of Defendants' Motion for Reconsideration. Defendants' Motion for Leave (D.I. 776) is thus DENIED.

proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, C.A. No. 13-1937-LPS-MPT, 2017 WL 877301, at *2 (D. Del. Mar. 6, 2017).

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Jackson v. NuVasive, Inc.*, No. 21-53, 2024 WL 3534820, at *1 (D. Del. July 25, 2024) (citations omitted). Requests to "alter . . . previous rulings" or to "make findings of fact" are not proper bases for a motion for clarification. *Id.*

## III. <u>DISCUSSION</u>

### A. <u>Clarification</u>

Defendants first ask the Court to clarify whether the Court's findings concerning "certain claim elements when MoCA functionality has been enabled . . . should be treated as a partial grant of its summary judgment motion." (D.I. 762 at 3-4). The Court's July 23, 2026 Memorandum Opinion held that "the subset of accused products where MoCA functionality has been enabled does contain a 'phase scrambler,'" (recited by Claim Element 7[c] of the '243 Patent), and that "the subset of accused products where MoCA functionality has been enabled do contain a 'transmitter portion,'" (recited by Claim Element 7[d] of the '243 Patent). Thus, the Court's holdings constitute findings of fact under Federal Rule of Civil Procedure 56(g) and operate to preclude Defendants from contesting Claim Elements 7[c] and 7[d] at trial for accused products where MoCA functionality has been enabled.[3]

### B. <u>Reconsideration</u>

Defendants next contend that "Defendants' second basis for opposing Plaintiff's MSJ was that Plaintiff did not submit any evidence that addressed 'the hardware realization of that code.'"

---

[3] Importantly, Defendants take "no position on the question of whether the [Court's July 23, 2026 Memorandum] Opinion [(D.I. 760)] has the effect of a partial grant of summary judgment on the issues identified . . . ." (D.I. 762 at 5).

(D.I. 762 at 6 (citing D.I. 647 at 15)). Specifically, Defendants contest the Court's conclusion that a subset of accused products "adjust" the phase of the carrier signal. (*Id.* at 6-7). In Defendants' view, they explained that the operation of the accused products is "'hardwired,' [so] that the hardwiring creates two complete QAM 'signals' (i.e., transient electrical impulses on the wire), and one of those electrical signals is used (i.e., allowed to pass through the circuit)." (*Id.* at 7).

However, the Court has already considered Defendants' argument. Specifically, Defendants identified their "hardware" basis for noninfringement in Defendants' answering brief opposing Plaintiff's First Summary Judgment Motion. (D.I. 647 at 14-15). There, Defendants explained that there can be no "adjustment" because, in Defendants' view of the accused products, the accused products calculate and store the inverse of the QAM symbol for a carrier signal *each* time the carrier signal enters the Bin Scrambler. (*Id.* at 14). Then, one of the two QAM symbols associated with that carrier signal (the original or inverted QAM symbol) is selected as the output of the Bin Scrambler. (*Id.* at 15).

In the Court's July 23, 2026 Memorandum Opinion (D.I. 760), the Court found that "the 'adjustment' required by the Court's construction of Claim 7 of the '243 Patent occurs when (1) a pseudo-random number is generated and (2) a value (either the original constellation point or its negated value) is assigned to a third, *separate* identifier." (D.I. 760 at 20). Although the specific language that the Court used corresponds to the *software* of the accused products, the reasoning applies equally to the *hardware* arguments that Defendants identify in their motion. Specifically, the Court found that the distinction that Defendants posit, whether the accused products adjust the phase of the carrier signal *directly* or whether the accused products calculate all possible phase adjustments and pseudo-randomly select from the calculated possibilities, was irrelevant for the purpose of practicing Claim Element 7[c] of the '243 Patent. (*Id.*).

Defendants' description of the "hardwire" operation of the accused products operates in a way encompassed by the Court's claim construction. The Court finds it irrelevant whether the accused products calculate all possible phase shifts and pseudo-randomly selects from the calculated possibilities which phase to store in a third identifier or whether the accused products calculate all possible phase shifts and pseudo-randomly selects from the calculated possibilities which phase to select as the output. For the reasons stated in the Court's July 23, 2026 Memorandum Opinion (D.I. 760), and repeated here, the accused products with MoCA enabled practice Claim Element 7[c] of the '243 Patent. Thus, Defendants' Motion is DENIED.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendants' Motions for Reconsideration (D.I. 762, C.A. No. 15-611 (Comcast); D.I. 749, C.A. No. 15-612 (Cox); D.I. 766, C.A. No. 15-615 (Time Warner); D.I. 768, C.A. No. 15-616 (Verizon)) are **DENIED**. **IT IS FURTHER ORDERED THAT** Defendants' Motions for Leave (D.I. 776, C.A. No. 15-611 (Comcast); D.I. 763, C.A. No. 15-612 (Cox); D.I. 780, C.A. No. 15-615 (Time Warner); D.I. 782, C.A. No. 15-616 (Verizon)) are **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE